UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| In re: | ( | Chapter 7 |
| | ( | |
| **Mack Industries, Ltd.,** *et al.* | ( | Bankruptcy No. 17-09308 |
| | ( | (Jointly Administered) |
| Debtors. [1] | ( | |
| | ( | Honorable Carol A. Doyle |
| **Ronald R. Peterson,** as Chapter 7 | ( | |
| Trustee for Mack Industries Ltd., | ( | |
| | ( | |
| Plaintiff-Appellant, | ( | |
| | ( | Bankruptcy Adversary No. 19-00148 |
| v. | ( | |
| | ( | District Court No. 21-cv-3123 |
| **Bestway Heating Company, Inc.** | ( | |
| | ( | Honorable Sharon Johnson Coleman |
| Defendant-Appellee. | ( | |

**MOTION TO EXTEND TIME TO FILE A RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO APPEAL PENDING DECISION ON REASSIGNMENT**

NOW COMES, Defendant-Appellee, Bestway Heating Company, Inc. ("Bestway"), by its counsel, Tucker Ellis, LLP, and for its Motion to Extend the Time to Respond to Plaintiff's Motion for Leave to Appeal Pending Decision on Reassignment, states as follows:

**BACKGROUND**

1. On March 22, 2019, Ronald R. Peterson, as Chapter 7 Trustee for Mack Industries Ltd., filed this adversary proceeding along with approximately 400 similar ones filed seeking to avoid transfers that were allegedly fraudulent or preferential. In almost all of those cases, he sued as trustee of two Chapter 7 debtors: Mack and Oak Park Avenue Realty, Ltd. ("Oak Park"). The

---

[1] The Debtors, with their respective bankruptcy case numbers, are as follows: Mack Industries, Ltd. (17-09308); Oak Park Avenue Realty, Ltd. (17-16651); Mack Industries II, LLC (17-16859); Mack Industries III, LLC (17-17106); Mack Industries IV, LLC (17-17109); Mack Industries V, LLC (18-03445); and Mack Industries VI, LLC (18-03451).

1

Trustee alleges the transfers were either constructively fraudulent because the Debtor purportedly did not receive reasonably equivalent value for its payment or actually fraudulent because the transfers were made in furtherance of a scheme to defraud one particular creditor – American Residential Leasing.

2. In the instant case, the Trustee alleges that Bestway is a HVAC company and that Mack paid Bestway for work it performed on properties that Mack did not own. The Trustee brought five counts against Bestway on the eve of the expiration of the statute of limitations for various claims as follows: Counts I & II (Avoidance and Recovery of Constructive Fraudulent Transfers); Counts III & IV (Avoidance of Actual Fraudulent Transfers); and Count V (Disallowance of All Claims). (*See* Original Complaint, attached hereto as **Exhibit A**). After a lengthy time seeking voluntary amendment and informally providing further information on the alleged fraud, Bestway moved to dismiss the Trustee's claims. The Court subsequently granted the motion, without prejudice, and granted the Trustee leave to amend the Complaint.

3. On May 27, 2020, the Trustee filed an amended Complaint, pleading two counts against Bestway. Count I is brought pursuant to an avoidance and recovery of constructive fraudulent transfers claim and Count II is based on allegations of avoidance and recovery of actual fraudulent transfers. (*See* Amended Complaint, attached hereto as **Exhibit B**).

4. Bestway again timely filed a motion to dismiss pursuant to Rule 12(b)(6), seeking dismissal of Count I of the Trustee's amended Complaint for avoidance and recovery of constructive fraudulent transfers. Bestway relied on this Court's previous rulings in *Peterson v. TTS Granite, Inc. (In re Mack Industries, Ltd.)*, 622 B.R. 887 (Bankr. N.D. Ill. 2020), and *Peterson v. Ferguson Enterprises Inc. (In re Mack Industries, Ltd.)*, No. 19-ap-436, 2020 WL 6589040 (Bankr. N.D. Ill. Nov. 10, 2020) as its basis for dismissal. In both cases, the Court not only held

that the Trustee failed to state a claim for constructive fraud when the only factual basis alleged for lack of reasonably equivalent value was that Mack used the goods and services it procured to improve properties owned by others, but that sufficient evidence was included in the Amended Complaint that proved reasonably equivalent value was provided to the Debtor by the Defendant in exchange for the purportedly fraudulent transfers.

5. On May 26, 2021, Judge Carol Doyle entered an Order referencing the prior Memorandum Opinion in the *Peterson v. Premier Electric Services Corp.*, (No. 19-ap-00148) case, thereby dismissing Count I of the Trustee's claim, with prejudice. The Court agreed that under the analysis in *TTS Granite* and *Ferguson*, the constructive fraud claim against Bestway failed to state a claim for which relief could be granted and that reasonably equivalent value was provided by the Defendant to the Debtor. (*See* Entered Order, attached hereto as **Exhibit C**).

6. Thereafter, on June 10, 2021, the Trustee filed a motion for leave to appeal Judge Carol Doyle's May 26, 2021 Order, stating the judge granted the motion to dismiss the amended Complaint in error. (*See* Trustee's Motion for Leave to Appeal, attached hereto as **Exhibit D**).

7. On June 17, 2021, the Trustee filed yet another motion; this time in the Ferguson appeal [Case No. 20-cv-6992], requesting that the four related cases (*Premier*, *Superior Stairs*, *Bestway*, and *J.P. Plumbing*) be reassigned before the same judge, citing they are related to the above-captioned matter pending before Judge Virginia M. Kendall. (*See* Trustee's Motion to Re-Assign Cases as Related, attached hereto as **Exhibit E**).

8. On July 6, 2021, Bestway filed a Motion to Extend the Time to Respond to Plaintiff's Motion for Leave to Appeal Pending Decision on Reassignment, expressing its intention to file a response brief in support of its objection and argument against the improper interlocutory appeal, and furthermore, requested a response brief deadline of September 6, 2021 in anticipation

3

of the Court entering a decision on the reassignment before that timeframe. (Doc. No. 7). This Court granted the motion to extend. (Doc. No. 8). However, as of the filing of this present motion, Judge Virginia M. Kendall has not ruled on pending Motion for Reassignment.

## RELIEF REQUESTED

9. Now, in light of the impending deadline designated by the prior Motion to Extend, Bestway brings this Motion to Extend the Time to Respond to Plaintiff's Motion for Leave to Appeal Pending Decision on Reassignment, and respectfully requests that this Honorable Court enter and continue the Trustee's Motion for Leave to Appeal and grant Bestway an additional ninety-day (90) extension to file its response brief, due on or before December 6, 2021, pending Judge Kendall's decision on re-assignment.

10. Bestway's motion is not being brought for purpose of delay, but in an effort to avoid duplication of judicial time and effort.

## CONCLUSION

11. **WHEREFORE**, Defendant-Appellee, Bestway Heating Company, Inc. requests an order entering and continuing Ronald R. Peterson, as Chapter 7 Trustee for Mack Industries Ltd.'s Motion for Leave to Appeal and further requests that the Court grant Bestway an additional ninety-day (90) extension, on or before December 6, 2021, to file a response brief to the Trustee's Motion for Leave to Appeal, pending Judge Kendall's decision on re-assignment, and for all further relief this Court deems proper and just.

Dated: September 4, 2021             Respectfully submitted,

                                     **BESTWAY HEATING COMPANY, INC.**

                                     */s/ Brian J. Jackiw*
                                     One of Its Attorneys

Brian J. Jackiw
Dina Lupancu
TUCKER ELLIS LLP
233 South Wacker Drive, Suite 6950
Chicago, IL 60606
Phone: (312) 624-6300
Fax: (312) 6246309
brian.jackiw@tuckerellis.com
dina.lupancu@tuckerellis.com

**CERTIFICATE OF SERVICE**

I hereby certify that on September 4, 2021 the foregoing *Motion to Extend Time to File a Response to Plaintiff's Motion for Leave to Appeal Pending Decision on Reassignment* was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                             */s/ Brian J. Jackiw*
                                             Brian J. Jackiw, Esq.

                                             ***One of the Attorneys for Defendant***
                                             ***Bestway Heating Company, Inc.***