UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| MACK INDUSTRIES, LTD., et al. | ) | Bankruptcy No. 17-9308 |
| | ) | |
| Debtors. | ) | Honorable Carol A. Doyle |
| _____ | ) | |
| | ) | |
| RONALD R. PETERSON, as Chapter 7 | ) | Bankruptcy Adv. No. 19-0459 |
| Trustee for Mack Industries, Ltd., | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | Case No. 21-cv-3123 |
| v. | ) | |
| | ) | Honorable Sharon Johnson Coleman |
| BESTWAY HEATING COMPANY, INC., | ) | |
| | ) | |
| Defendant-Appellee. | ) | |

**MEMORANDUM OPINION AND ORDER**

Ronald R. Peterson, as Chapter 7 Trustee for Mack Industries, debtor, filed an adversary proceeding along with 436 other lawsuits seeking to avoid and recover allegedly fraudulent obligations and transfers. In the present case, the Trustee alleges that Mack Industries paid Bestway Heating, a heating contractor, for the improvement of real estate that was not owned by Mack Industries. After the bankruptcy court denied Count I of the Trustee's amended complaint, the Trustee filed the present motion for leave to file an interlocutory appeal pursuant to 28 U.S.C. § 158 and Federal Rule of Bankruptcy Procedure 8004. For the following reasons, the Court, in its discretion, denies the Trustee's motion.

**Background**

On March 13, 2020, the Trustee filed an amended complaint against Bestway Heating alleging avoidance of and recovery of constructive fraudulent transfers (Count I) and avoidance of and recovery of actual fraudulent transfers (Count II). Bestway then filed a motion to dismiss Count I of the amended complaint. On May 26, 2021, the bankruptcy judge, Carol A. Doyle, dismissed Count I with

prejudice referencing a Memorandum Opinion in a similar case, *Peterson v. Premier Elec. Servs. Corp.*, 19-ap-0148. On June 10, 2021, Peterson filed the present motion for leave to appeal the May 26, 2021 interlocutory order, which only disposed of one of the two counts in the Trustee's amended complaint.

**Legal Standard**

Under 28 U.S.C. § 158(a)(3), district courts have discretion to accept jurisdiction over interlocutory bankruptcy appeals. *In re Woodlawn Cmty. Dev. Corp.*, 613 B.R. 671, 675 (N.D. Ill. 2020) (Shah, J.). "Whether an interlocutory appeal of a non-final bankruptcy order is appropriate is analyzed pursuant to 28 U.S.C. § 1292(b)." *In re Manzo*, 577 B.R. 759, 763 (N.D. Ill. 2017) (Alonso, J.) (citation omitted). There are certain criteria required to grant a § 1292(b) motion, including a controlling question of law where there is a substantial ground for difference of opinion and that an immediate appeal would materially advance the litigation. *Ahrenholz v. Board of Trs. of Univ. of Ill.*, 219 F.3d 674, 675 (7th Cir. 2000); 28 U.S.C. § 1292(b).

"Question of law" in the context of § 1292(b) goes to the "meaning of a statutory or constitutional provision, regulation, or common law doctrine." *Ahrenholz*, 219 F.3d at 676. A mere disagreement in how a court applies a well-settled standard to the particular facts of a case is not grounds for interlocutory appeal. *See In re Text Messaging Antitrust Litig.*, 630 F.3d 622, 626 (7th Cir. 2010). In the end, § 1292(b) requests for interlocutory review are for exceptional cases. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 74, 117 S.Ct. 467, 136 L.Ed.2d 437 (1996).

**Discussion**

In the present motion, the Trustee argues that, in making her determination, Judge Doyle went beyond the facts as alleged in the complaint and drew inferences in Bestway's favor. The Trustee thus contends that the controlling question of law is that Judge Doyle applied the wrong legal standard at the motion to dismiss stage because when "evaluating a complaint on a motion to dismiss, the court must construe the complaint in the light most favorable to the plaintiff, accept well-pleaded facts as true, and draw all inferences in the plaintiff's favor." As the Trustee explains in his reply brief, the

2

controlling question of law is "in ruling on a motion to dismiss, should a judge accept well-pleaded facts as true and draw all inferences in plaintiff's favor?"

In the context of a motion for interlocutory appeal, the question of law requirement concerns an abstract or pure issue of law, such as the meaning of a statute. *See Ahrenholz*, 219 F.3d at 677. It is not a disagreement with the way a trial court applied a well-settled procedural standard of law to the particular facts of the case. *See In re Text Messaging Antitrust Litig.*, 630 F.3d at 626; *see also Ahrenholz*, 219 F.3d at 676 ("question of law" as used in § 1292(b) does not mean "whether the party opposing summary judgment has raised a genuine issue of material fact"). Accordingly, the Trustee has failed to establish that there is a pure question of law for interlocutory review. Instead, he is arguing that the bankruptcy court did not apply the federal pleading standards under *Twombly* and *Iqbal,* a legal standard for which there are no substantial grounds for differences of opinion. *See Lukis v. Whitepages Inc.,* No. 19 C 4871, 2020 WL 6287369, at *10 (N.D. Ill. Oct. 27, 2020) (Feinerman, J.) ("The scope and application of Twombly's plausibility standard is now settled.").

**Conclusion**

For the foregoing reasons, the Court, in its discretion, denies the Trustee's motion for leave to file an interlocutory appeal [2]. Civil case terminated.

**IT IS SO ORDERED.**

Date: 11/12/2021

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge